UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 06-17-B-W |
| ULYSSES GRANT QUEENER, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS INDICTMENT**

The indictment against the defendant, Ulysses Grant Queener, alleges unlawful possession of an unregistered firearm made from a single-shot, .410-gauge shotgun and having a barrel length of less than 18 inches and an overall length of less than 26 inches, in violation of the National Firearms Act, 26 U.S.C. §§ 5861(d), 5871.  Mr. Queener asserts that it is "downright irrational" and, therefore, in violation of his right to due process of law, for the Government to charge him with a crime and seek criminal sanctions against him because his shotgun is no more dangerous than any of a variety of .410-guage pistols with even shorter barrels and with multiple-round chambers, none of which are required to be registered in the National Firearms Registration and Transfer Record.  (Mot. to Dismiss Indictment at 1, Docket No. 38, quoting Hudson v. United States, 522 U.S. 93, 103 (1997).)  I recommend that the Court deny the motion.

For purposes of the § 5861(d) charge, "firearm" is defined to include "(1) a shotgun having a barrel or barrels of less than 18 inches in length [and] (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length."  26 U.S.C. § 5845(a).  As the Government sets forth at

length in its opposition brief (and as Queener implicitly acknowledges with his characterization of the indictment as irrational), the registration requirement for certain firearms need only serve a rational purpose to be consistent with due process precepts. (Gov't's Resp. Mem. at 2-4, collecting cases). As asserted by the Government (Gov't's Resp. Mem. at 5-6), the fact that a shotgun barrel has been intentionally shortened is a legitimate cause of congressional concern and supports singling out such weapons for registration under the Act as inherently dangerous weapons. See United States v. Fortes, 133 F.3d 157, 161 (1st Cir. 1998) (explaining that "only those firearms must be registered that Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes, such as sawed-off shotguns and hand-grenades"); United States v. Serna, 309 F.3d 859, 863 (5th 2002) ("Congress passed the NFA in response to gangster-style violence after observing that 'there is no reason why anyone except a law officer should have a machine gun or a sawed-off shotgun.'") (quoting H.Rep. No. 1780, at 1 (1934) and collecting consistent opinions from the Courts of Appeals for the Fourth, Seventh and Ninth Circuits); see also United States v. Allegree, 175 F.3d 648, 651 (8th Cir. 1999) (finding that sawed-off shotguns "are inherently dangerous and lack usefulness except for violent and criminal purposes").[1] In sum, the fact that Queener could lawfully possess an unregistered handgun having a destructive capacity equal to or greater than his single-shot .410 shotgun is without constitutional significance. What makes his shotgun subject to heightened regulation is the fact that it has been altered in a manner that is suggestive of criminal

---

[1] According to the Court of Appeals for the Seventh Circuit, insofar as firearm registration advances Congress's power to lay and collect taxes imposed, pursuant to 26 U.S.C. § 5811, upon the transfer of firearms, "Congress legitimately may target for punishment the recipient of an unregistered firearm as a means of discouraging the circumvention of the transfer tax," including by means of imposing criminal consequences. United States v. Lim, 444 F.3d 910, 914 (7th Cir. 2006) (panel op.). In the view of the Lim panel, at least, Congress's power to lay and collect taxes provides a rational basis for requiring registration of those firearms subject to the transfer tax imposed under § 5811 as well as the imposition of criminal sanctions for failing to register such firearms to avoid a $200 tax.

intent.  Congress has not banned all ownership of such weapons, but has merely concluded, on grounds that are not irrational, that persons possessing such weapons must register them.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court DENY the defendant's motion to dismiss the indictment (Docket No. 38).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated:  August 15, 2006